UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION



FILED
NOV - 2 2007

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 07-30061(02) |
| Plaintiff, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER |
| CHRISTOPHER R. PRUE, | * | |
| Defendant. | * | |

Defendant, Christopher R. Prue (Prue), has filed a Motion to Sever Jury Trials, Docket No. 41. Significantly, co-Defendant, Jasper J. Peneaux, Jr. (Peneaux), did not join in Prue's Motion nor did he move separately for severance. After considering the Motion in light of the records on file[1] and the totality of the circumstances present, the Court concludes that the Motion should be denied.

I.

In the early morning hours of November 18, 2006, a rape was reported to the Rosebud Sioux Tribe Police Department. Officers from the police department responded to the call and thereafter collected evidence at the scene, interviewed the alleged victim, Alexis M. Oskolkoff, and performed a sexual assault kit on her.

---

[1] The Government has provided the Court with the discovery materials that it sent to defense counsel on or about July 31, 2007. These materials have been reviewed by the Court, in connection with Prue's Motion, and will be filed under seal and made a part of the record in this case.

The next day, Oskolkoff identified Peneaux as one of her alleged attackers from a photo lineup. Following her identification, an affidavit was prepared alleging that Tylene White Lance, Peneaux's girlfriend, and Peneaux himself stated that Prue was "with" Peneaux.[2]

On November 28, 2006, a warrant was obtained in Rosebud Sioux Tribal Court authorizing a search of Peneaux and Prue's bodies for a "biological sample." Samples were then obtained from both Peneaux and Prue. Laboratory testing later revealed that Peneaux was the source of the DNA found in the anal swab taken from Oskolkoff.

A four-count Indictment was filed on July 25, 2007, charging Peneaux and Prue, conjointly, with aggravated sexual abuse, robbery and aiding and abetting in the same. Prue and Peneaux have both pled not guilty to the charges and a jury trial is scheduled for February 5, 2008.

## II.

Rule 8(b) of the Federal Rules of Criminal Procedure, provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). Indeed, "[j]oint trials 'play a vital role in the criminal justice system.'" Id. (quoting

---

[2]The Court is not certain where the affiant obtained this information. The investigative reports only mention White Lance as the one who told tribal police that Prue was "with" Peneaux. In any event, the Court will assume, for purposes of Prue's Motion, that both White Lance and Peneaux made a statement to police to this effect.

Richardson v. Marsh, 481 U.S. 200, 209 (1987)). "They promote efficiency 'and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" Zafiro, 506 U.S. at 537 (quoting Richardson, 481 U.S. at 210).

"If joinder is proper under Rule 8, the defendant seeking severance has the heavy burden of demonstrating that a joint trial will impermissibly infringe his right to a fair trial." United States v. Warfield, 97 F.3d 1014, 1019 (8th Cir. 1996), cert. denied, 520 U.S. 1110 (1997). There is a strong presumption against severing properly joined parties. United States v. Delpit, 94 F.3d 1134, 1143 (8th Cir. 1996). In order for severance to be warranted, the necessary prejudice must be "severe or compelling." United States v. Flores, 362 F.3d 1030, 1039 (8th Cir. 2004). This is because "a joint trial gives the jury the best perspective on all of the evidence and, therefore, increases the likelihood of a correct outcome." United States v. Darden, 70 F.3d 1507, 1528 (8th Cir. 1995).

Prejudice is not demonstrated by merely claiming that a defendant would have a better chance for acquittal at a separate trial. Flores, 362 F.3d at 1040; United States v. Shivers, 66 F.3d 938, 939 (8th Cir.), cert. denied, 516 U.S. 1016 (1995). To obtain severance, a defendant must show real prejudice. United States v. Mickelson, 378 F.3d 810, 817 (8th Cir. 2004); see also United States v. Oakie, 12 F.3d 1436, 1441 (8th Cir. 1993). A defendant can establish the requisite prejudice by demonstrating that the jury will be unable to compartmentalize the evidence. Mickelson, 378 F.3d at 818; see also United States v. Washington, 318 F.3d at 845, 858 (8th Cir.), cert. denied, 540 U.S. 884 (2003).

In his Motion, Defendant claims that the "biological" or DNA evidence identifying Peneaux as one of the alleged perpetrators, will "bolster" Oskolkoff's statements against Prue

3

and will result in prejudice to Prue because it will be "virtually impossible for [him] to distance himself from the compelling evidence against [ ] Peneaux." Such evidence provides, among other things, a basis for establishing the identity of Oskolkoff's assailant. Inasmuch as the evidence does not identify Prue as a contributor, he would not be prejudiced, let alone clearly prejudiced, by being joined with Peneaux. If anything, Prue would likely benefit from evidence like this because it would exclude him as someone who left identifying information on Oskolkoff and point the "accusatory" finger at someone else. In any event, the evidence by no means implicates Prue as the perpetrator of the alleged sex acts or, for that matter, the robbery offense charged in Count IV. This being the case, Prue has failed to come even close to satisfying his "heavy burden" of establishing the "prejudice" necessary to require severance.

Aside from this, the instant case does not appear to be a complex one in which the jury is likely to be confused and incapable of "compartmentalizing" the evidence. See United States v. Bordeaux, 84 F.3d 1544, 1547 (8th Cir. 1996); United States v. Blum, 65 F.3d 1436, 1444 (8th Cir. 1995), cert. denied, 516 U.S. 1097 (1996). Rather, the case involves two distinct defendants, both of whom are charged with committing, as principals or aiders and abettors, the same four offenses. See United States v. McGuire, 45 F.3d 1177, 1187 (8th Cir.), cert. denied, 515 U.S. 1132 (1995). Any assumed disparity in the evidence, where certain evidence is admissible against Peneaux, but not Prue, does not compel the granting of Prue's severance Motion. See Bordeaux, 84 F.3d at 1547; McGuire, 45 F.3d at 1187. Nor is Prue entitled to severance simply because the Government's evidence may be more

4

damaging against Peneaux than Prue. See United States v. Garcia, 785 F.2d 214, 220 (8th Cir.), cert. denied, 475 U.S. 1143 (1986).

III.

Citing Bruton v. United States, 391 U.S. 123 (1968), Prue also claims that joinder would deprive him of his rights as guaranteed by the Sixth Amendment. The Court disagrees.

In Bruton, the United States Supreme Court held that the Confrontation Clause was violated when a confession of one defendant implicating another defendant was placed before the jury at the defendants' joint trial and the confessing defendant did not take the witness stand and was therefore not subject to cross-examination. 391 U.S. at 126, 137. In so holding, the Supreme Court made clear that the Sixth Amendment violation was not cured by the giving of a cautionary instruction that the confession was to be considered only as evidence against the confessing defendant. Id. at 128-29, 135-37.

About two decades later, the Supreme Court, in Richardson, declined to extend the Bruton rule. Instead, it held that the Confrontation Clause was not violated by the admission of a non-testifying co-defendant's confession that was redacted to eliminate the defendant's name and any other reference to the defendant's existence. 481 U.S. at 206-11. In Richardson, the evidence introduced after the co-defendant's redacted statement caused the statement to inculpate defendant. Id. at 203-04. The Court found, however, that such "contextual" incrimination did not violate the rule in Bruton because a jury was likely to obey a cautionary instruction to consider the statement itself as evidence only against the confessing defendant. Id. at 208-09.

Recently, the Supreme Court revisited the applicability of <u>Bruton's</u> protective rule to the redacted confession of a defendant. In <u>Gray v. Maryland</u>, 523 U.S. 185 (1998), the Court held that a confession which substituted blanks and the word "delete" for the co-defendant's proper name fell within the scope of the <u>Bruton</u> rule.

Here, Peneaux's statement (assuming he made one) is not so "powerfully incriminating" that a separate trial is required. It is, at best, equivocal and does not indicate where and when Prue was "with" Peneaux or what they did while they were together. Prue's Motion, to the extent that it seeks severance on Sixth Amendment/<u>Bruton</u> grounds, therefore, should be denied for this reason alone.

Yet even if Peneaux's statement is facially incriminating, Prue has nonetheless failed to show that whatever prejudice he may face by virtue of the admission of such a statement could not be cured by the giving of a proper limiting instruction and a redaction in such statement to Prue's name and any reference to his existence. <u>Richardson</u>, 481 U.S. at 211; <u>United States v. Logan</u>, 210 F.3d 820, 821-23 (8th Cir.) (en banc), cert. denied, 531 U.S. 1053 (2000); <u>United States v. Edwards</u>, 159 F.3d 1117, 1124-26 (8th Cir. 1998), cert. denied, 528 U.S. 825 (1999)[3]. As such, severance is not obligatory in this instance under the Confrontation Clause.

---

[3] As to whether a co-defendant's name can be replaced with a pronoun or similarly neutral word, the Eighth Circuit has consistently upheld this practice as long as the redacted statement does not facially incriminate or lead the jury directly to a non-testifying defendant's co-defendant. See <u>Edwards</u>, 159 F.3d at 1124-26; <u>United States v. Jones</u>, 101 F.3d 1263, 1270 & n. 5 (8th Cir. 1996).

IV.

The Court believes that there are no overriding reasons or unique circumstances present to warrant the granting of a separate trial to Peneaux. This, coupled with the Court's view that a joint trial will not compromise any of Peneaux's rights or result in actual prejudice, or have a substantial and injurious effect or influence on the jury's verdict, see Zafiro, 508 U.S. at 539-41; United States v. Lane, 474 U.S. 438, 449 (1986); United States v. Ortiz, 315 F.3d 873, 897-900 (8th Cir. 2002), makes clear that severance is not compelled here.

Based on the foregoing, it is hereby

ORDERED that Prue's Motion to Sever Jury Trials, filed at Docket No. 41, shall be and is denied.

Dated this 2nd day of November, 2007, at Pierre, South Dakota.

**BY THE COURT:**

_____
**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
         Deputy
(SEAL)